IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSEPH MAY,

                Plaintiff,                              OPINION AND ORDER

    v.

                                                   18-cv-17-wmc

CO TAYLOR, CO BERGREN, and
CO JOHN DOE,

                Defendants.

While incarcerated in the Columbia Correctional Institution, *pro se* plaintiff Joseph May claims that defendants Taylor, Bergren and John Doe acted with deliberate indifference to his July 24, 2017, reports that he was having visions and wanted to see psychological services staff before he hurt himself. Defendants filed a motion for summary judgment on the ground that May failed to exhaust administrative remedies with respect to his claims. (Dkt. #34.) While May filed a motion for assistance in recruiting counsel (dkt. #33), he also responded substantively to defendants' motion (*see* dkt. #38). Since it is undisputed that May never filed an inmate complaint regarding defendants' alleged failure to respond to his requests for mental health care, and there appears to be no genuine dispute that he *could* have filed such a complaint, defendants' motion will be granted, May's motion will be denied, and his claims against defendants Taylor, Bergren and Doe will be dismissed without prejudice.

UNDISPUTED FACTS

Under the regulations applicable in 2017, prisoners started the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after

the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint had to "[c]ontain only one issue per complaint, and . . clearly identify the issue." *Id.* § 310.09(e). If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could appeal the rejection. *Id.* § 310.11(6). If the complaint was not rejected, the institution examiner made a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner"). *Id.* §§ 310.12, 310.13.

A prisoner had to appeal a reviewing authority's decision within "10 calendar days." Wis. Admin. Code § DOC 310.13(1). The corrections examiner then made a recommendation to the Secretary of the Department of Corrections, who took final action. *Id.* §§ 310.13, 310.14. "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." *Id.* § 310.13(2).

After May attempted to hang himself on July 24, 2017, he was issued a conduct report that charged him with disobeying orders and disruptive conduct. A disciplinary hearing was held on August 3, 2017, during which May was allowed to make a statement in his own defense. May was not allowed access to witness statements because he was on a paper restriction at that time. (Ex. 1001 (dkt. #37-2) 13.)

On August 14, 2017, May filed an inmate complaint, in which he challenged the validity of that conduct report, CCI-2017-20794. (*Id.* at 8.) May dated the inmate complaint August 3, 2017. In it, May argued that he should not have received a conduct

report for being suicidal and attempting to kill himself, alleging that after he committed self-harm, he was never seen in the Health Services Unit or by Psychological Services Unit staff. (*Id.*) The inmate complaint examiner recommended that CCI-2017-20794 be rejected on the ground that May never attempted to appeal his conduct report, as required by the DOC's policies. (*Id.* at 6.) May appealed that rejection, and his appeal was received by the reviewing authority on September 25, 2017. On September 29, 2017, May's appeal was rejected as untimely, having been filed beyond the 10-day calendar limit.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner must also "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), that are "in the place . . . at the time," and "administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the

3

purpose of the exhaustion requirement"). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Here, May does not dispute that he failed to file an inmate complaint about defendants' failure to respond to his pleas for mental health assistance, but believes his statements in CCI-2017-20794 were sufficient to exhaust his claims. However, May did not include any allegations in CCI-2017-20794 suggesting that he was complaining to defendants *before* his suicide attempt, so it would be unreasonable to infer that CCI-2017-20794 could have alerted prison officials to his failure to protect claims.

May further asserts that a paper restriction in place following his self-harm incident prevented him from filing an inmate complaint about defendants' response to his request related to his mental health needs. In support, he cites to an August 1, 2017, letter from the prisoner advocate to the disciplinary committee, who wrote that because May was on a paper restriction, he would not receive witness forms for purposes of his upcoming disciplinary hearing. (Ex. 1001 (dkt. #37-2) 13.) This argument requires some unpacking but does not relieve his obligation to pursue a grievance altogether.

If May actually did not have access to materials necessary to submit a timely inmate complaint, it is possible that he may be excused from the exhaustion requirement if not actually available to him with respect to that grievance. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (grievance process "unavailable" if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*,

4

438 F.3d 804, 812 (7th Cir. 2006) (defendant could not succeed on exhaustion defense where plaintiff mailed his appeal but it was never received). However, May neither affirmatively alleged nor offered proof at summary judgment that he was under a paper restriction through August 7, 2017 -- that is, 14 days after his July 24 suicide attempt. Accordingly, while a reasonable trier of fact might infer that May did not have access to paper in the days between July 24 and the date of his disciplinary hearing, August 3, May has offered no evidence that his paper restriction continued *after* that date, and the evidence of record does not support that conclusion. Indeed, as defendants point out, May dated his CCI-2017-20794 conduct report *August 3, 2017*, meaning that he had access to writing materials and a complaint form that day. As such, it would be *un*reasonable to infer that the paper restriction continued past that date, much less that May could not have filed an inmate complaint related to defendants' failure to protect him from self-harm. Accordingly, defendants here carried their burden to prove that May failed to exhaust his administrative remedies with respect to this claim, and May's claims will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

Finally, the court will deny May's motion for assistance in recruiting counsel. (Dkt. #33.) May represents that the restrictive nature of his confinement and difficulties of bringing this case to trial merit recruitment of counsel. However, May's only obligation in this lawsuit has been to respond to defendants' motion for summary judgment. May's submission cited to specific portions of the record and made it clear that he is familiar with the principle that prisoners who lack the opportunity to file an inmate complaint may be

5

excused from the exhaustion requirement. His submissions do not suggest in any way that he was unable to respond adequately to defendants' motion. As such, the court is not persuaded that the legal and factual difficulties of this case exceeded May's abilities, *see Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), and thus will deny his motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment (dkt. #34) is GRANTED.

2. Plaintiff's motion for assistance in recruiting counsel (dkt. #33) is DENIED.

3. Plaintiff's Eighth Amendment claims against defendants Taylor, Bergren and Doe are dismissed without prejudice.

Entered this 20th day of March, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge